PER CURIAM.
Appellant, Acco, Inc., a heating-air conditioning contractor, appeals summary final judgment entered in favor of appellee, Biscayne Federal Savings and Loan Association, as mortgagee, in an action to “compel the exercise of an equity of redemption on property.”
Appellee instituted a suit to foreclose certain mortgages it held on property located in Broward County, Florida, against which appellant simultaneously had pending an action to foreclose its mechanic’s lien rights. Acco was not, however, joined in appellee’s foreclosure suit. Upon conclusion of the mortgage foreclosure suit in favor of appel-lee, suit was brought against appellant to compel it to exercise its rights of redemption. Appellee filed its motion for summary judgment supported by affidavits. Thereupon, the trial court entered summary final judgment and granted Acco twenty (20) days within which to exercise rights of redemption. Upon Acco’s failure to pay, the court entered its order barring redemption rights. Acco instituted this appeal seeking review of both the summary final judgment and the order barring redemption rights.
*885 The relation-back of mechanic’s lien to the date of filing the notice of commencement, even though such claim of lien was filed more than one year after the posting of notice of commencement, was recently determined by this court in Southern Colonial Mortgage Company, Inc. v. Medeiros, 347 So.2d 736 (Fla.4th DCA 1977). In that case we held that the mortgagees could not invoke the provisions of Section 713.13(5),[1] Florida Statutes (1969), to gain priority over mechanic’s liens which related back to the notice of commencement. The Southern Colonial Mortgage case is dispositive of the issues presented by the instant appeal.
Accordingly, the summary final judgment entered in favor of appellee is reversed, the order barring redemption rights is vacated and set aside, and the cause remanded for further proceedings.
Reversed and remanded.
ALDERMAN, C. J., CROSS, J., and MILLER, ROBERT, Associate Judge, concur.

. § 713.13(5), F.S.A. Unless otherwise provided in the notice of commencement or a new or amended notice of commencement, any notice of commencement heretofore or hereafter recorded shall not be effective as to any person acquiring title or any interest in real property from the owner or under him after one year from the date of recording the notice of commencement.